**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERBERT L. COPELAND, II,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER GIOVANNI ARLIA and<br>JUDGE C. MARSHAL,<br><br>    Defendant | Civ. No. 15-cv-8403 (KM) (JBC)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Herbert L. Copeland, II, *pro se*, has filed a complaint against Union County Officer Giovanni Arlia and Judge C. Marshall. Although the complaint form is blank, save for the caption and Mr. Copeland's address, the allegations appear to be contained in an attachment entitled "Affidavit of Counter Claim." (ECF No. 1) Putting aside legal citations contained therein, Mr. Copeland alleges as follows:

> I was illegally under investigation and arrested, the Officer had no Warrant, my car was searched without a Warrant. Who authorized the investigation? Why was I under investigation?

(*Id.*) The defendants have moved to dismiss the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6). The plaintiff has not responded to the motion. For the reasons set forth below, the motions are granted and the complaint is dismissed. This dismissal is without prejudice to the filing of an amended complaint within 30 days.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a

Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Mr. Copeland here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

I construe the complaint liberally as asserting a cause of action under 42 U.S.C. § 1983 for a warrantless search and seizure in violation of the Fourth Amendment. There are, however, no factual allegations asserted in support of

2

this claim. There is no date provided on which the allegedly warrantless search of Mr. Copeland's car and/or his arrest occurred. There is no mention of who conducted that search and seizure. Indeed, there are no allegations as to any actions taken by Defendants Arlia or Marshall. Thus, there is no basis in factual allegations on which to infer that the defendants are liable for the alleged misconduct, let alone what specific relief the plaintiff seeks. In short, the complaint fails to satisfy the pleading requirements set forth in *Twombly* and *Iqbal*.

Accordingly, this Court will dismiss Plaintiff's complaint. Because the plaintiff is proceeding *pro se*, I will grant leave to file an amended complaint.

## CONCLUSION

The motions of Defendants Arlia and Marshall to dismiss the complaint are granted and the complaint is dismissed for failure to state a claim. This dismissal is without prejudice to the filing of an amended complaint within 30 days.

Dated: July 29, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.